PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN LUGO
GONZÁLEZ, Defendant and Appellant.

No. 4949. Argued May 3, 1933.—Decided July 28, 1933.

*Luis F. Camacho* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Juan Lugo González was twice convicted, first in a municipal court and later, after a trial *de novo,* in the district court, of a violation of section 3 of title II of the Volstead Act. He says that the district court erred in overruling a motion for the suppression of evidence, "in open violation of section 25 of the National Law of Prohibition." That section provides that: "No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house." The motion for the suppression of evidence did not mention any search illegal or otherwise, of defendant's dwelling. It sets forth "that defendant had been charged with having in his possession for the illegal purpose of sale at a dance

for business purposes which was in progress in defendant's dwelling house some twenty-four quarts of rum, which were seized by an insular policeman, A. Negrón"; and "that the twenty-four quarts of rum seized in the instant case were seized in defendant's private dwelling without any valid search warrant therefor, contrary to the provision of section 25 of the National Prohibition Act." Neither that section of the law nor the constitutional provision for security against unreasonable searches and seizures forbids the seizure of liquor in a dwelling house without the formality of a search warrant when the owner of the dwelling house has as a business venture converted it into a public dance hall, where the possession of the liquor in question is for the illegal purpose of sale at a dance already in progress, and where such liquor is seized by the police without the necessity of making any search for it.

The motion was first made in the district court before any evidence had been introduced. At the close of the evidence for the prosecution, the district attorney offered in evidence the liquor which had been taken from defendant. Counsel for defendant stated that he had no objection to its admission. The district judge then admitted this evidence, the prosecution rested, and defendant moved for an acquittal. Perhaps this motion, as argued, could be considered as a renewal of the motion for suppression of evidence. In any event, appellant in his brief discusses the alleged error of the district judge in overruling his motion from the standpoint of the evidence adduced at the trial and ignores the situation existing at the time of the court's direct ruling on the motion. The motion, however, rests upon no better foundation when considered in the light of the evidence.

Negrón standing in the dark, outside the kitchen saw Lugo serving something to his guests in small cups. The guests after imbibing the contents of the cups would drink water. Negrón's nose soon told him that Lugo was serving rum. He also noted that Lugo was filling the cups from a bottle

which he had beneath a table. He then entered the kitchen and on reaching beneath the table for the bottle found with it the rest of the liquor. The discovery was a mere incident to the seizure of the bottle used by Lugo in the unsuspected presence of the policeman. It was not "a mere exploratory enterprise for the purpose of discovery." No "general exploratory search" was necessary and none was made. See Cornelius on Search and Seizure, 89, section 26, cited by appellant. The seizure of the liquor used by Lugo in the commission of a crime in the presence and view of the officer who seized it was not illegal, and the incidental discovery and seizure of other liquor in the same place and obviously about to be used in the same manner did not amount to a violation of the statutory provision invoked by appellant nor of any constitutional provision.

Appellant also says that the judgment is contrary to the law and to the evidence. The argument goes only to the sufficiency of the evidence. It is, in substance, that there was no proof of any sale or of any purpose to sell. Negrón testified that each time a guest received from Lugo a cup with one hand he extended the other and gave Lugo something which Lugo took. This testimony is uncontradicted. The regularity with which this simultaneous exchange was effected remains unexplained. In the absence of any explanation the inference is that what Lugo received was a *quid pro quo.*

The judgment appealed from must be affirmed.